UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET WAGNER,

                    Plaintiff,

          v.

EDISONLEARNING, INC., and
JEFFREY WAHL, in his official and
individual capacities,

                    Defendants.

No. 09 Civ 00831 (SAS)

ECF Case

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

LITTLER MENDELSON, PC
900 Third Avenue
New York, New York 10022-3298
212.583.9600

Attorneys for Defendants

*Of Counsel:*
  David M. Wirtz
  Bruce R. Millman

## PRELIMINARY STATEMENT

Margaret Wagner's Complaint alleges two claims for relief.  The first is for breach of contract.  The second claim for relief, which is the subject of this motion, alleges that Defendants' breach of her employment agreement damaged her in the amount of $100,000; that this same $100,000 constitutes "wages" within the meaning of New York Labor Law, and that Defendants' refusal to pay it violates that Law.   Assuming everything in her Complaint is true, she fails to state a New York Labor Law claim, and her second cause of action should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

Further, Ms. Wagner does not allege her breach of contract claim against Defendant Wahl, but alleges only her second cause of action against him.  Because this second cause of action should be dismissed as a matter of law, all claims against Mr. Wahl should be dismissed in their entirety.

## SUMMARY OF THE FACTUAL ALLEGATIONS

The following is a summary of the factual allegations taken exclusively from the Complaint. For purposes of this motion only, Defendants do not dispute the truth of the Plaintiff's factual claims.

Ms. Wagner accepted employment with EdisonLearning as the Company's Senior Vice President of Human Resources on or about September 25, 2008, by signing an offer letter from Edison Learning's Chief Operating Officer Jeffrey Wahl on behalf of EdisonLearning, dated September 23, 2008 ("Offer Letter," attached as Exhibit A to the Complaint), that set forth the terms of her employment. Complaint ¶¶ 9-10. The Offer Letter stated that Plaintiff's annual salary would be $200,000. *Id.* ¶ 12. The Offer Letter also stated that if Plaintiff were terminated within the first six months of her employment for any reason other than cause, she would be entitled to a payment of six months' base salary. *Id.* ¶ 13.

Ms. Wagner began work on October 1, 2008. *Id.* ¶ 15. Less than two months later, on November 24, 2008, Mr. Wahl terminated her employment, effective that day. *Id.* ¶ 17. Mr. Wahl advised Ms. Wagner that her termination was due to a failure to deliver on performance objectives. *Id.* ¶ 18.

EdisonLearning has not paid Ms. Wahl six months of base compensation as a result of her termination. *Id.* ¶ 22.

## ARGUMENT

## I.

## THE APPLICABLE LEGAL STANDARDS
## FOR GRANTING A MOTION TO DISMISS

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss the complaint if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004) (quoting *Conley v. Gibson* , 355 U.S. 41, 45-46 (1957)).

The court must accept all factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007). While detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007).

To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). The complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. *Id.*

Even applying these strict standards, Ms. Wagner's Second Claim for Relief should be dismissed.

## II.

## PLAINTIFF'S ALLEGATIONS THAT DEFENDANTS VIOLATED NEW YORK LABOR LAW §§ 190 *ET SEQ*. FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED.

Ms. Wagner's Second Claim for Relief alleges that Defendants' failure to pay her six months' base salary ($100,000) following her termination of employment violated New York Labor Law, because the payment constitutes "wages" within the meaning of New York Labor Law §§ 190 *et seq*.  Complaint ¶¶ 35-36.  She alleges, further, that Defendants' refusal to pay her this sum was willful, and therefore she is also entitled to liquidated damages equal to 25% of the wages due. *Id.* ¶¶ 37-38.

Ms. Wagner's invocation of New York Labor Law in this context is fatally flawed. Section 190(1) of the Labor Law, defines "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis" (emphasis added).   The payment that Ms. Wagner seeks in her Second Cause of Action is not related to any labor or services she actually rendered.   To the contrary:  It is a termination payment in the amount of six months' pay for labor and services she was not required to render.  *See, e.g.*, *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000) (stating that this first portion of section 190(1)'s definition of "wages" "contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled" than, for instance, discretionary or incentive compensation, which is "based on factors falling outside the scope of the employee's actual work.") (citations omitted).   Clearly the pay Ms. Wagner seeks in this case is also based on matters outside the scope of her actual work.  It is based on her termination.  *Cf. Metchick v.*

*Bidermann Industries Corp.*, No. 91 Civ. 2329 (PNL), 1993 U.S. Dist, LEXIS 4278 (S.D.N.Y. Apr. 6, 1993), at *14-15 (holding that the payments plaintiff sought, which are like those Ms. Wagner seeks, are undoubtedly within the scope of "separation pay," which is a benefit or wage supplement—not wages for "labor or services rendered" under Section 190(1)'s definition of "wages").

Defendants recognize that Section 190(1)'s definition of "wages" also includes "benefits or wage supplements as defined in section one hundred ninety-eight-c of this article...," and that Section 198-c(2), in turn, states that the term "benefits or wage supplements" includes "separation pay," which, under Section 198-c(1) must be paid within thirty days after it is due.

Thus, at first glance, Plaintiff seems to have a viable claim for violation of New York Labor Law. In fact, initially, *Metchick v. Bidermann Industries Corp.*, No. 91 Civ. 2329 (PNL), 1993 U.S. Dist, LEXIS 4278 (S.D.N.Y. Apr. 6, 1993), a case that is directly on point, looks to be dispositive here. But the court's decision in *Metchick* requires a crucial and critical second look, because it is quite clearly wrongly decided. *Metchick* ignored Labor Law Section 198-c(3), which states clearly that Section 198-c *does not apply* to bona fide executives such as Ms. Wagner.

In *Metchick*, the plaintiff entered into a letter agreement ("agreement") to become the defendant-employer's Senior Vice President for Human Resources. The agreement provided that, if plaintiff were terminated without "just cause," he would be paid salary and covered under various employee benefit programs for a period of at least twelve months. Eight months into his employment, the employer terminated his employment citing "just cause."

Like plaintiff here, Metchick sued, claiming breach of the employment agreement and violation of the wage payment provisions of New York Labor Law.

The court denied the employer's motion for summary judgment on the alleged Labor Law violation. In denying the motion, the court looked to the precise wording of the applicable New York Labor statutes. First, the court found that the plaintiff was an "employee" within the meaning of section 190(2). *Id.* at *10-*13. Then, the court held that "the clear language of §§ 190(1) and 198-c(2) indicates that the payments sought by Metchick, which comprise separation pay based on his previous salary payments, are within the scope of the term 'wages...'" *Id.* at *14-15. Premised upon these two conclusions, the court denied the employer's motion. *Id.* at *15.

However, the *Metchick* court *stopped its analysis too soon.* Had it (or perhaps the litigants) looked a bit further, it would have reached the opposite result. Section 198-c(3), which is not cited in *Metchick,* states "*[t]his section shall not apply* to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." (emphasis added).[1]

Ms. Wagner's Second Claim for Relief and the facts underlying it are virtually identical to those in *Metchick,* but if the law is applied correctly, the result should not be the same. There is no dispute that Ms. Wagner was operating in a *bona fide* executive capacity while working for EdisonLearning, and that she made more than $900 per week. She was the "Senior Vice President of Human Resources," reporting directly to the Chief Operating Officer. *See* Complaint, Exhibit "A." Her salary was $7,692.31 on a bi-weekly basis ($200,000 annualized), which is well above the $900 set forth in section 198-c(3). *Id.* Additionally, she was given the opportunity to earn an incentive payment of up to 35% of annual salary (or an additional $70,000), plus an equity award. *Id.*

---

[1] At the time of the *Metchick* decision in 1993, Section 198-c(3) was a new provision, which had become effective August 15, 1992 and applied to bona fide executive, administrative, or professional personnel whose earnings exceeded $600 per week.

Section 198-c does not apply to Ms. Wagner, because she served EdisonLearning as an "executive" earning more than $900 per week. Thus, the payment she seeks in her Second Cause of Action does not constitute a "benefit or wage supplement" within the coverage and meaning of Section 198-c and, therefore, does not constitute "wages" within the meaning of New York Labor Law §§ 190 et seq. *Cf. Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 615, 861 N.Y.S.2d 246 (2008) ("...[S]everal provisions in article 6 [of the New York Labor Law] make specific reference to the exclusion of executives. For example, section 192(2) removes executives who earn more than $600 per week from the requirement that wages be paid in cash to "any employee" and section 198-c(3) contains a similar exclusion relating to benefits and wage supplements"). Consequently, her Second Cause of Action fails to state a claim upon which relief can be granted and should be dismissed. *See Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y.2d 457, 626 N.E.2d 29, 605 N.Y.S.2d 213 (1993) (claim for breach of contract for unpaid commissions did not constitute claim for unpaid wages subject to penalty provision of New York Labor Law.)

**POINT II**

**PLAINTIFF DOES NOT ALLEGE A BREACH OF CONTRACT AGAINST JEFFREY WAHL; THEREFORE, NO CLAIMS REMAIN AGAINST MR. WAHL AND THE COMPLAINT AGAINST HIM SHOULD BE DISMISSED IN ITS ENTIRETY.**

Ms. Wagner's first claim for relief, for breach of contract, is asserted solely against Defendant EdisonLearning. Indeed, it is evident from the face of the contract, which is attached to the Complaint, that it is a contract of employment with Defendant EdisonLearning and not with Defendant Wahl. It is only the second claim for relief, for failure to pay wages in violation of New York Labor Law, that is asserted against Jeffrey Wahl. As discussed in Point I above,

Ms. Wagner's New York Labor Law claim does not state a claim upon which relief can be granted and cannot survive this motion to dismiss. Consequently, Ms. Wagner has no remaining claims against Mr. Wahl and, as such, the Complaint should be dismissed in its entirety with respect to Defendant Wahl.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to dismiss Plaintiff's Second Claim for Relief, and dismiss all claims against Defendant Jeffrey Wahl .

Dated:  March 9, 2009
          New York, New York


                                        LITTLER MENDELSON, P.C.


                                        David M. Wirtz
                                        Bruce R. Millman  *BRM - 8164*
                                        900 Third Avenue
                                        New York, NY  10022
                                        212.583.9600

                                        Attorneys for Defendants