**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

**MARGARET WAGNER,**

                    **Plaintiff,**

    - against -

**EDISONLEARNING, INC. and JEFFREY**
**WAHL, in his official and individual**
**capacities,**

                **Defendants.**

-------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/09
```

**MEMORANDUM**
**OPINION AND ORDER**

**09 Civ. 831 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

Plaintiff Margaret Wagner accepted the position of Senior Vice President of Human Resources with EdisonLearning.  She was terminated and is now suing EdisonLearning for breach of contract and both EdisonLearning and Jeffrey Wahl for a violation of New York's Labor Law.  She brings these claims pursuant to 28 U.S.C. § 1332.  Defendants collectively move to dismiss plaintiff's Labor Law claims.

## II.   BACKGROUND

On or about September 23, 2008, Wagner was offered the position of

Senior Vice President of Human Resources with EdisonLearning as confirmed in an Offer Letter signed by Wahl.[1]  On September 25, 2008, Wagner accepted the position by signing and returning the Offer Letter.[2]  The Offer Letter stated the terms of her salary, $200,000 annually, and benefits.[3]  One provision in the Offer Letter, titled Termination of Employment, contemplated "a payment of six (6) months base salary, less standard payroll taxes and withholding and any other applicable withholding, in exchange for a General Release" if the Company terminated her employment within six months of the start date for any reason other than cause.[4]  Wagner's employment began on October 1, 2008.[5]  She claims that she "performed all of the duties of her job and engaged in no conduct constituting 'cause' for termination."[6]  However, Wagner was terminated on November 24, 2008.[7]  Wahl advised Wagner that she was terminated for failure to satisfy certain

---

[1]      See Complaint ("Compl.") ¶¶ 9, 10.

[2]      See id. ¶ 10.

[3]      See id.

[4]      9/23/08 Offer Letter from Wahl to Wagner ("Offer Letter"), Ex. A to 3/9/09 Affidavit of Diana Nance, counsel to defendants, at 2.

[5]      See Compl. ¶ 15.

[6]      Id. ¶ 16.

[7]      See id. ¶ 17.

performance objectives.[8]  Wagner claims that she was not terminated for cause and

is therefore entitled to the payment of six months salary under the terms of the

Offer Letter.[9]  According to Wagner, defendants have not made this payment.[10]

## III.  APPLICABLE LAW

### A.  Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a court must "'accept as true all allegations in

the complaint'"[11] and "draw all reasonable inferences in plaintiff's favor."[12]  A

complaint must provide "the grounds upon which [the plaintiff's] claim rests

through factual allegations sufficient 'to raise a right to relief above the

speculative level'"[13] in order to survive a motion to dismiss.  Although the

---

[8]     *See id.* ¶ 18.

[9]     *See id.* ¶ 21.

[10]    *See id.* ¶ 22.

[11]    *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (citations omitted).

[12]    *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[13]    *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  *Accord Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam) (noting that plaintiffs must "'give the defendant fair notice of what the . . . claim is and the

complaint need not provide "detailed factual allegations,"[14] it must nonetheless

"amplify a claim with some factual allegations . . . to render the claim *plausible*."[15]

"[B]ald assertions and conclusions of law will not suffice."[16]

**B.    Violation of N.Y. Labor Law §§ 190 et seq.[17]**

Wagner's argument is that the contractual termination payment is

'wages' and that withholding the payment is an impermissible deduction from

wages in violation of section 193.  Following the decisions in *Pachter v. Bernard*

*Hodes Group, Inc.*, it is now undisputed that executives are generally covered by

the protections of the New York Labor Law.[18]  One such protection prohibits

---

grounds upon which it rests'") (quoting *Twombly*, 550 U.S. at 555).

[14]    *Twombly*, 550 U.S. at 555.

[15]    *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted*, 128 S. Ct. 2931 (2008).

[16]    *Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (citation omitted).

[17]    Wagner does not specify in her Complaint which section of the Labor Law she believes defendants violated; however, in her Opposition to Defendants' Motion to Dismiss ("Pl. Mem."), she indicates her claim is under section 193, governing deductions from wages.  She also indicates that the willful refusal to pay her wages entitles her to liquidated damages under section 198.

[18]    *See Pachter v. Bernard Hodes Group, Inc.*, 541 F.3d 461, 463-64 (2d Cir. 2008) (noting that "New York Labor Law Article 6 . . . includes executives unless otherwise excluded"); *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 616 (2008) (holding that "executives are employees for purposes of Labor

4

employers from making deductions from an employee's wages other than those expressly permitted.[19] Wages are defined as "the earnings of an employee for labor or services rendered" and also include "benefits or wage supplements as defined in section one hundred ninety-eight-c of this article."[20]

Addressing the issue of which types of payments might constitute wages, the New York Court of Appeals indicated that "the statute, in expressly linking earnings to an employee's labor or services personally rendered, contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled."[21] Accordingly, employers may not deduct any amounts, other than statutorily authorized deductions, from payments to employees deemed to be wages. Further, if an employer does make unauthorized deductions then

> [i]n any action instituted upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage

Law Article 6, except where expressly excluded").

[19]   *See* N.Y. Labor Law § 193.

[20]   *Id.* § 190(1).

[21]   *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000) (noting the legislative history of § 190(1) (defining wages) generally and specifically addressing the issue of bonuses).

5

required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.[22]

"The purpose of § 193 is to prohibit employers from making unauthorized deductions from wages . . . to place the risk of loss for such things as damages, spoiled merchandise, or lost profits on the employer . . . ."[23] Further, to the extent that total withholding, rather than specific deductions, would constitute an unauthorized deduction from wages,[24] the deduction is only prohibited if the wages at issue are actually wages within the statutory definition.[25] Accordingly, the nature of the disputed payment is important.

---

[22]    N.Y. Labor Law § 198(1-a).

[23]    *Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp. 2d 341, 353 (N.D.N.Y. 2007) (citations omitted).

[24]    Some courts have indicated that section 193 does not apply to cases involving withholding rather than specific deductions. *See Monagle v. Scholastic, Inc.*, No. 06 Civ. 14342, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007). *Accord Ireton-Hewitt*, 501 F. Supp. 2d at 353.

[25]    *See Monagle*, 2007 WL 766282, at *2 (noting that section 198-c, which protects severance payments, also specifically excludes executives). *See also Edwards v. Schrader-Bridgeport Int'l, Inc.*, 205 F. Supp. 2d 3, 13-14 (N.D.N.Y. 2002) (same regarding reimbursement of expenses and vacation pay); *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 603 (E.D.N.Y. 1995) (same regarding vacation pay); *Cohen v. ACM Med. Lab., Inc.*, 678 N.Y.S.2d 432, 435 (Sup. Ct. Monroe Co. 1998) (same regarding severance payments).

Potential payments that are not for labor or services rendered may

nonetheless be considered benefits or wage supplements and thus still be protected

as wages.  Specifically, section 198-c(2) lays out several types of payments that

may fall within the definition of wages including "reimbursement for expenses;

health, welfare and retirement benefits; and vacation, separation or holiday pay."[26]

However, wage protections as to these additional categories do not apply to all

employees in all circumstances.  Rather, section 198-c(3) specifically excludes

from this protection persons "in a bona fide executive, administrative, or

professional capacity whose earnings are in excess of nine hundred dollars a

week."[27]  Although the application of section 198-c(3) is not entirely settled,

several courts have found that this section operates as a limitation on the

protection of benefits and wage supplements by expressly excluding certain

classes of employees.[28]

---

[26]     N.Y. Labor Law § 198-c(2).

[27]     *Id.* § 198-c(3).

[28]     Both plaintiff and defendants acknowledge the holding in *Metchick v. Bidermann Indus. Corp.*, which, on facts similar to those in the instant case, held that severance payments were wages. *See* No. 91 Civ. 2328, 1993 WL 106139, at *4 (S.D.N.Y. 1993).  Wagner claims that this case is binding precedent and further claims that the *Metchick* holding precludes a decision that section 198-c(3) operates to exclude executives; however, courts since *Metchick* have taken note of the specific exclusion in section 198-c(3) (*see Monagle*, 2007 WL 14342, at *2;

## IV.  DISCUSSION

Merely because Wagner is an employee generally covered by the protections of the Labor Law does not establish that she has a claim under it. Wagner's contention that she was entitled to six months of wages by operation of the Termination of Employment provision in the Offer Letter does not make that payment "wages."  The same section in the Offer Letter also indicates that the payment is in exchange for a general release, which could mean that the provision was intended as a separate agreement unrelated to wages.[29]  In any event, plaintiff has alleged no facts, nor has she cited any authority in her submission, that render her claim that this unearned, future, contingent payment constitutes wages under section 190(1) plausible.

Nevertheless, Wagner may still have a claim under section 193 for the withholding of the payment because separation payments are protected as a wage supplement.[30]  However, even assuming that total withholding, rather than specific

---

*Edwards*, 205 F. Supp. 2d at 13-14; *Gerzog*, 907 F. Supp. at 603; *Cohen*, 678 N.Y.S.2d at 435) whereas the *Metchick* court did not address section 198-c(3) one way or the other.  Further, in *Pachter*, the New York Court of Appeals pointed to section 198-c as expressly excluding executives.  *See Pachter*, 10 N.Y.3d at 615.

[29]     *See* Offer Letter at 2.

[30]     *See* N.Y. Labor Law § 193.

8

deductions, is a violation of section 193, Wagner has alleged no facts to demonstrate that she is not excluded from the protection of wage supplements by virtue of section 198-c(3). In their motion to dismiss, defendants state that Wagner is an executive, a fact that Wagner does not deny.[31] Instead, she insists that section 198-c(3) is inapplicable because that provision refers solely to section 198-c(1) dealing with criminal penalties.[32] This reading, however, ignores the text of the section, titled "Benefits and Wage Supplements," which states "*[t]his section* shall not apply to any person . . . ."[33]

Accordingly, given Wagner's executive status and the explicit exclusion of executives from the protection of wage supplements as wages, Wagner has not alleged facts that would permit her to recover for a violation of section 193. Further, without a claim under the Labor Law, she is not entitled to liquidated damages under section 198. Finally, since violation of the Labor Law is her sole claim against Wahl, Wagner has no remaining claims against him.

## V.   CONCLUSION

---

[31]     *See* Memorandum of Law in Support of Defendants' Motion to Dismiss at 6.

[32]     *See* Pl. Mem. at 6.

[33]     N.Y. Labor Law § 198-c(3) (emphasis added).

For the foregoing reasons, defendants' motion to dismiss the Labor

Law claims is granted.  The Clerk of the Court is directed to close this motion

(Docket No. 5).  A conference on this matter is scheduled for May 8, 2009 at 5:00

p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 17, 2009

10

## - Appearances -

**For Plaintiff:**

Scott B. Gilly, Esq.
Darren J. Cohen, Esq.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, N.Y. 10003
(212) 257-6800

**For Defendants:**

Bruce R. Millman, Esq.
Fox Rothschild, LLP
100 Park Avenue
New York, N.Y. 10019
(212) 261-2175

David M. Wirtz, Esq.
Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, N.J. 07102
(212) 583-9600

Diana R. Nance, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York, N.Y. 10022
(212) 583-9600

11